IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
APR 28 2000
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ DEPUTY

| | |
|---|---|
| TOMMY DALE GLASS, | ) |
| Petitioner, | ) |
| vs. | ) No. CIV-90-113-A |
| LENORA JORDAN, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

The Petitioner, a state prisoner appearing pro se, initiated this action on January 22, 1990, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. On May 21, 1990 an opinion was entered denying the petition and a judgment was entered that same day. This Court's decision was affirmed by the Tenth Circuit Court of Appeals on February 1, 1991 and the mandate was issued. The matter has recently been reopened for consideration of the Petitioner's Fed. R. Civ. P. 60(b) "motion to set aside judgment," filed on February 29, 2000. The Respondent has neither responded to that motion nor sought an extension of time in which to do so. Accordingly, the matter is properly at issue. Pursuant to an order entered by United States District Judge Wayne E. Alley, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth herein, it is recommended that the motion be construed as a second and successive petition and that it be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. §1631.

Docketed 32

## PROCEDURAL HISTORY

The Petitioner was convicted by the District Court of Comanche County in Case No. CRF-82-318, of two counts of first-degree rape, two counts of crime against nature, two counts of robbery with a dangerous weapon and one count of assault with intent to rape and was sentenced to 109 years. That conviction was affirmed by the Oklahoma Court of Criminal Appeals on June 6, 1985. Thereafter, the Petitioner sought post-conviction relief in the state courts and, after being denied such relief, filed the instant habeas action challenging his conviction. As set forth above, he was denied relief in this Court and this Court's decision was affirmed on appeal to the Tenth Circuit Court of Appeals. Some time later the Petitioner was granted leave to file a second application for post-conviction relief in the state courts. The district court denied his application without a hearing. However, on appeal the Oklahoma Court of Criminal Appeals remanded the matter for an evidentiary hearing, which was conducted on March 19 & 26, 1998. After hearing the evidence, the district court again denied the Petitioner's application and that decision was affirmed by the Oklahoma Court of Criminal Appeals. The Petitioner has now filed a "motion to set aside judgment" in this Court, asserting that the evidence revealed at the state evidentiary hearing undermines the previous ruling of this Court.

## ANALYSIS

A Rule 60(b) motion "cannot be used to circumvent restraints on [the filing of] successive habeas petitions." Felker v. Turpin, 101 F.3d 657, 661 (11th Cir.), cert. denied, 519 U.S. 989 (1996). Thus, the Tenth Circuit has held that a Rule 60(b) motion must be construed as a second habeas petition for purposes of the Antiterrorism and Effective

2

Death Penalty Act of 1996. Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir.), cert. denied, 525 U.S. 1024 (1998); Jackson v. Champion, No. 98-6023, 1998 WL 792069 (10th Cir. Oct. 15, 1998).[1] Since the Petitioner in this case filed his motion after April 24, 1996, the effective date of the Act, he is required to comply with the Act's relevant provisions, including 28 U.S.C. §2244(b)(3)(A), which provides that before a second or successive application is filed in the district court, the applicant must obtain an order from the appropriate court of appeals authorizing the district court to consider the application. This is true even though the Petitioner seeks to amend a judgment that became final before the effective date of the Act. Lopez, 141 F.3d at 975.

The Petitioner argues that his motion falls within an exception to Lopez because his intervening state court hearing created a new "factual basis" for his claims. However, while this fact may ultimately allow the Petitioner to obtain authorization from the Tenth Circuit Court of Appeals to consider his second habeas petition, this Court is without jurisdiction to consider his argument. See Lopez, 141 F.3d at 975-76. Accordingly, the undersigned recommends that the petition be transferred to the Tenth Circuit pursuant to 28 U.S.C. §1631. See Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)(when a second or successive petition for habeas corpus relief is filed in the district court without the authorization required by §2244, the court should transfer the petition to the Circuit pursuant to 28 U.S.C. §1631, in the interest of justice).

---

[1] Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

## **RECOMMENDATION**

In accordance with the above, it is the recommendation of the undersigned Magistrate Judge that the petition be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. §1631. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 15th, 2000, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of April, 2000.

DOYLE W. ARGO
**UNITED STATES MAGISTRATE JUDGE**

4