IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TOMMY DALE GLASS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-90-113-A |
| | ) | |
| LENORA JORDAN, | ) | |
| | ) | |
| Respondent. | ) | |

FILED MAY 1 2 2000

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

DOCKETED

## ORDER

Petitioner seeks a Rule 60(b) motion vacating or setting aside the Court's May 21, 1990 judgment denying petitioner's previously filed petition for writ of habeas corpus. The Tenth Circuit Court of Appeals affirmed the Court's denial of the petition. Thereafter, the Oklahoma Court of Criminal Appeals permitted petitioner to file a second post-conviction application and remanded the matter for an evidentiary hearing. Subsequently, the Oklahoma Court of Criminal Appeals denied the second application for post-conviction relief. Petitioner now seeks relief from this Court's order in 1990. The matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review. Judge Argo recommended transferring the matter to the Tenth Circuit Court of Appeals as a second or successive petition pursuant to 28 U.S.C. §§1631, 2244(b)(3)(A).

Petitioner objects, arguing §2244(b)(3)(A) is inapplicable, the interests of justice would not be served by transferring the matter, he has not abused the writ, and his claims are meritorious. Judge Argo addressed petitioner's arguments in his Report and Recommendation. The Report and Recommendation is adopted in its entirety, and upon *de novo* review, the Court transfers the matter to the Tenth Circuit Court of Appeals as a

34

second or successive petition.

The Tenth Circuit Court of Appeals has found that Fed.R.Civ.P. 60(b) motions to set aside or vacate the denial of a petition for writ of habeas corpus are considered second or successive, requiring prior authorization by the Circuit. *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir.), *cert. denied*, 525 U.S. 1024 (1998)(*citing Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997). Without prior authorization from the Circuit, the Court lacks jurisdiction to entertain petitioner's claims. *Id.* As such, the matter is transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. §2244(b)(3)(A). Whether petitioner's claims are meritorious warranting a review of his claims is a matter for the Circuit.

The Report and Recommendation is ADOPTED in its entirety. The matter is transferred to the Tenth Circuit Court of Appeals.

IT IS SO ORDERED this 12th day of May, 2000.

WAYNE E. ALLEY
UNITED STATES DISTRICT JUDGE

ENTERED ON DOCKET ON

MAY 12 2000

2